UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Santo C Lopez

           Debtor.

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 19-41456-ess
(Chapter 7)

Assigned to:
Hon. Elizabeth S. Stong
Bankruptcy Judge

Please take notice that Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass-Through Certificates, Series 2007-1, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on May 7, 2019 at 9:30am or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, NY 11201 for an (1) Order pursuant to 11 U.S.C §105(a) granting in rem relief as to the real property commonly known as 100 Hendrix Street, Brooklyn, NY 11207 (2) an Order pursuant to 11 U.S.C. § 362(d)(4)(B) terminating the automatic stay as to movant's interest in in real property commonly known as 100 Hendrix Street, Brooklyn, NY 11207 and for such other relief as the Court may deem proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED:   April 3, 2019
         Williamsville, New York

                                          Yours,

                                          By:  _____
                                               Courtney R Williams, Esq.
                                               GROSS POLOWY, LLC
                                               Attorneys for Secured Creditor
                                               Wells Fargo Bank, N.A. as servicing agent for
                                               HSBC Bank USA, National Association as
                                               Trustee for Nomura Asset
                                               AcceptanceCorporation, Mortgage Pass-
                                               Through Certificates, Series 2007-1
                                               1775 Wehrle Drive, Suite 100
                                               Williamsville, NY 14221
                                               Telephone (716)204-1700

TO:
    Santo C Lopez                             Pro Se Debtor
    100 Hendrix Street
    Brooklyn, NY 11207

    Robert J. Musso, Esq.                     Chapter 7 Trustee
    26 Court Street, Suite 2211
    Brooklyn, NY 11242

    Office of the United States Trustee       U.S. Trustee
    Eastern District of NY (Brooklyn Office)
    U.S. Federal Office Building
    201 Varick Street, Suite 1006
    New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Santo C Lopez

Debtor.

Case No.: 19-41456-ess
(Chapter 7)

Assigned to:
Hon. Elizabeth S. Stong
Bankruptcy Judge

**AFFIRMATION IN SUPPORT OF MOTION SEEKING TO TERMINATE THE AUTOMATIC STAY AND SEEKING *IN REM* RELIEF FROM THE AUTOMATIC STAY.**

I, Courtney R Williams, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Eastern District of New York and hereby state as follows:

1. I submit the within Affirmation under penalty of perjury in support of the motion of Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset AcceptanceCorporation, Mortgage Pass-Through Certificates, Series 2007-1 ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 100 Hendrix Street, Brooklyn, NY 11207 ("Property" or "Mortgaged Premises") and obtain *in rem* relief as to the Property such that any further filings by Santo C Lopez, or any other person or entity with an interest in the Property shall not operate as an automatic stay against the Secured Creditor and its successors and/or assigns.

    **A. FACTUALBACKGROUND RELATED TO OWNERSHIP OF THE PROPERTY**

2. Secured Creditor is the holder of a note executed by Santo Lopez on or about the 22nd day of January, 2007 in the principal amount of $560,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the City Register of the City of New York, on the 4th day of May, 2007 in CRFN 2007000233023 (the "Mortgage") covering the premises commonly known as 100 Hendrix Street, Brooklyn, NY 11207. A copy of the Note, Mortgage and Assignment is annexed hereto as **Exhibit 'A'**.

3. On the 13th day of March, 2019 Debtor Santo C Lopez filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

### B. THE FORECLOSURE ACTION IN RELATION TO THE PROPERTY

4. On January 10, 2014, Secured Creditor commenced foreclosure proceedings by filing a summons and complaint with the Supreme Court, Kings County New York under Index Number 408/2014.

5. Santo Lopez was named a defendant in the foreclosure action. The Secured Creditor in due course obtained a judgment of foreclosure and sale in the foreclosure action on November 2, 2018 under Index Number 408/2014 which was entered on November 9, 2018, and said judgment with the notice of entry is attached hereto as **Exhibit "B"**.

### C. SERIES OF BANKRUPTCY PROCEEDINGS

#### Case No. 1-08-48304-dem (the "First Bankruptcy Case")

6. The borrower Santo Lopez filed for bankruptcy on December 5, 2008 under Chapter 13 of Title 11 U.S.C. §101. The case was assigned case number 1-08-48304-dem, and a copy is attached hereto as **Exhibit "C"**. The case was subsequently dismissed on January 29, 2009 for Debtor's failure to comply with the Credit Counseling requirement.

#### Case No. 09-14935-jmp (the "Second Bankruptcy Case")

7. The borrower Santo Lopez filed for bankruptcy on August 11, 2009 under Chapter 7 of Title 11 U.S.C. §101. The case was assigned case number 09-14935-jmp, and a copy is attached hereto as **Exhibit "D"**. Secured Creditor obtained relief from the automatic stay on April 15, 2010. The Debtor received a standard discharge and the case was subsequently dismissed on July 12, 2011.

#### Case No. 1-19-41456-ess (the "Third Bankruptcy Case")

8. Secured Creditor scheduled a foreclosure sale for March 14, 2019. The borrower Santo C Lopez filed for bankruptcy on March 13, 2019 under Chapter 7 of Title 11 U.S.C. §101. The case was assigned case number 1-19-41456-ess, and a copy is attached hereto as **Exhibit "E"**. This is a deficient filing.

## D. RELIEF BEING SOUGHT

**I. The Court should exercise its authority pursuant to 11 U.S.C. Section 105(A) and grant *in rem* relief.**

9. It is well accepted that "one of the primary purposes of bankruptcy is to provide the 'honest but unfortunate debtor with the opportunity to make a 'fresh start.'" *In re Dupuy,* 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be 'fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions.'" *Dupuy,* 308 B.R. at 848-849.

10. However, "the filing of repetitive bankruptcy cases to forestall secured creditors from exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes,* 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In such cases, *in rem* relief is appropriate in order to allow the Secured Creditor to complete the foreclosure process. *See Gonzalez-Ruiz,* 341 B.R. at 385 *(in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky,* 365 B.R. 260 (Bankr. S.D. FL 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

11. Section 105(a) of the Bankruptcy Code provides in pertinent part that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions to stay foreclosure sales without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman,* 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); see also *In re Henderson,* 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C. §105(a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

12. *"In rem* relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord,* 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005). "An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez-Ruiz* v. *Doral Financial Corp.,* 341 B.R. 371, 384 (B.A.P. 1" Cir. 2006). "An *in rem* order ... attaches to the property and prevents the imposition of the automatic stay *only as to the property at issue* in future bankruptcy filings by co-owners." *In re Keefer,* 2005 Bankr LEXIS 2149 at *11 (Bankr. S.D.N.Y. February 10, 2005). The purpose of *in rem* relief is to prevent "an abuse of the bankruptcy code by multiple debtors acting in concert." *Keefer,* 2005 Bankr LEXIS at *11.

13. In order to grant *in rem* relief, "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *Henderson,* 395 B.R. at 901 *quoting In re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

14. Here, *in rem* relief is appropriate because a review of the record demonstrates that the Debtor has engaged in a history of serial filings with no intent to complete the bankruptcy process, in that first case was dismissed shortly after being commenced for failure to file the requisite documents needed to proceed with the bankruptcy process and the Debtor has filed to file to requisite documents needed in the instant bankruptcy case.

15. Therefore, "the multiple filings are evidence of bad faith and evidence of the fact that the Debtor [and non-debtors] are abusing the bankruptcy process." *Price,* 304 B.R. at 774 *(in rem* relief granted where the Debtor and her husband filed six bankruptcy cases). Thus, *in rem* relief is appropriate.

16. Additionally, while *in rem* relief is an extraordinary form of relief, it has "been granted where 'an ordinary relief from the stay order will not be effective as demonstrated by the prior history of the parties and the property.'" *In re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). As demonstrated by the factual history, ordinary relief from the stay would be an ineffective measure to allow the Secured Creditor to complete the foreclosure process.

17. Based on the foregoing, the record unequivocally demonstrates that there has been a history of serial bankruptcy filings. As such, an order granting *in rem* relief as to the Property such that any and all future filings by any person or entity with an interest in the Property shall not operate as an automatic stay against the

Secured Creditor and its successors and/or assigns is appropriate.

## II. The automatic stay should be terminated pursuant to 11 U.S.C. Section 362(d)(4)(B)

18. It is well established that a creditor whose debt is secured by residential real property may move under 11 U.S.C. § 362(d) for relief from the automatic stay. Under BAPCPA, a new section of 362(d) was added with the intent "to reduce abusive filings." *In re Muhaimin,* 343 B.R. 159 (Bankr. D. Maryland 2006) *citing* H.R. Rep. 109-31(I) at 69 (2005). 11 U.S.C. § 362(d)(4)(B) provides that:

> "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." U.S.C. § 362(d)(4)(B).

19. This provision also provides that relief under this section "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ." 11 U.S.C. § 362(d)(4)(B). The facts of this case support the conclusion that relief pursuant to § 362(d)(4)(B) is appropriate and the automatic stay should be terminated with respect to the Secured Creditor's interest in the Premises.

20. In order to establish that it is entitled to relief pursuant to § 362(d)(4)(B) the Secured Creditor has the burden of establishing that the current bankruptcy filing is part of a scheme to hinder, delay and defraud the bank. *See In re Lemma,* 394 BR. 315, 324 (Bankr. E.D.N.Y. 2008). The fact that a Debtor has filed multiple bankruptcy cases, in and of itself, is not sufficient cause for relief under this section. *See In re Lemma,* 394 BR. 315 @ 324. However, an intent to hinder, delay and defraud can be inferred from the filing of multiple bankruptcies when the filings are deficient, strategically timed, or otherwise indicate bad faith. *See In re Montalvo,* 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009)(finding six strategically timed, deficient bankruptcy filings were sufficient to find that the sixth bankruptcy was part of a scheme to delay, hinder and defraud the bank and that *in rem* relief was appropriate); *In re Blair,* 2009 Bankr. LEXIS 4195 (Bankr. E.D.N.Y. 2009) (finding that ten deficient, strategically timed bankruptcy filings was sufficient to grant *in rem* relief pursuant

to § 362(d)(4)(B)). *See In re: Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014)(finding that two bankruptcies filed on the eve of scheduled foreclosure sales, when the Debtor was repeatedly attempting to collaterally attack the foreclosure judgment and the property was not part of Debtor's estate, provided sufficient cause to grant *in rem* relief).

21. Bankruptcy Courts may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings, without holding an evidentiary hearing. Relevant to this analysis is whether a debtor has "evinced no true intention to reorganize their financial affairs" and whether a debtor's previous filings were "prosecuted to any meaningful degree." *See In re Valid Value Props*, 2017 Bankr. LEXIS 27, 18 (Bankr. S.D.N.Y. 2017)(citations omitted).

22. A review of the bankruptcy filings by the Debtor demonstrate that there exists a scheme to delay, hinder, and defraud. The repeated filings have resulted in undue delay and hindrance of the Secured Creditor's efforts to foreclose on the Property.

23. The Secured Creditor has sustained injury as a result of the repeated filings in this case. The Secured Creditor's Mortgage Obligation is due for August 1, 2007. Additionally, the Secured Creditor is suffering immediate and irreparable injury and loss because the Secured Creditor is not receiving any income to pay the real estate taxes and/or hazard insurance. A Relief from Stay worksheet is attached hereto as **Exhibit "F"**.

24. As can be seen from the history of filings, there has been a repeated attempt to thwart the Secured Creditor's attempts to foreclose on the property. Based on this history of abuse, this Court should grant the Secured Creditor's requested relief and issue an order that would prevent the imposition of the automatic stay on the Property for at least two years in order to provide the Secured Creditor time to complete the foreclosure or any other legal proceeding that it deems necessary in relation to the Property.

25. Based on the foregoing, the Secured Creditor has provided ample cause to justify the Court issuing an order pursuant to 11 U.S.C. § 362(d)(4)(B). The pattern of conduct suggests that the Debtor filed her bankruptcy cases in bad faith. As such, the Secured Creditor requests an Order of the Court terminating the automatic stay, with prejudice, such that any and all future filings by any person or entity with an interest in the Property shall not operate as an automatic stay against the Secured Creditor for a period of two years from

the date of entry of the Order.

26. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'G'**.

27. No prior application has been made for the relief requested herein.

28. The legal description for the Mortgaged Premises is attached hereto as **Exhibit 'H'**.

WHEREFORE, the Secured Creditor respectfully requests (1) an Order pursuant to 11 U.S.C. §105(a) granting *in rem* relief as to the real property commonly known as 100 Hendrix Street, Brooklyn, NY 11207 (2) an Order pursuant to 11 U.S.C. § 362(d)(4)(B) terminating the automatic stay as to movant's interest in in real property commonly known as 100 Hendrix Street, Brooklyn, NY 11207 together with such other and further relief as the Court deems just and equitable.

DATED: April 3, 2019
Williamsville, New York

Courtney R Williams, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2007-1
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221